## JOHN L. PUCCINI *v.* CITY OF CINCINNATI.

1. Contributory negligence of plaintiff is fatal to recovery; and where the proof required to establish plaintiff's injury includes clear proof of all the material facts relating to his conduct and duty, and these admit of no reasonable inference but that of negligence on his part, the case presents only a question of law for the decision of the court.

2. The question of contributory negligence is usually one of law and fact, and it is only in exceptional cases where the facts are so clear and undisputed that the question of law alone remains, that the court is justified in overriding the functions of the jury.

3. It is not negligence *per se* for one to go upon a public way which he knows to be out of repair; but whether or not such conduct constitutes negligence depends upon whether the going upon the way can be "easily" avoided. Hence, where the only alternative for plaintiff in order to reach his desired destination, was to go around three sides of the public square, and over streets only partially improved, it can not be said as matter of law that he was negligent in taking the course he did, if he exercised greater care than he otherwise would have exercised had the defect been unknown to him.

4. Where the evidence shows that a public way was out of repair to the knowledge of the plaintiff, but that, nevertheless, he went upon it in order to reach his desired destination, his only alternative being to go around three sides of the public square, and over unimproved streets, and the evidence further shows that the way was light at the time plaintiff went upon it, but that the lights went out when he was only about half way over, in such case, the question whether or not plaintiff was negligent in going upon the way, and in going forward not backward after the lights went out, is for the jury.

HOSEA, J.; HOFFHEIMER and CALDWELL, JJ., concur.

Error to special term.

The suit below was for damages for injuries received while passing over a public way—being a flight of wooden steps leading from State avenue to Kineon avenue—which, through negligence of the city, had become defective and dangerous. In presenting his testimony, plaintiff admitted that the dangerous and defective character of the steps was known to him at and prior to the time of the injury. Coupled with this admission, however, was evidence of care and of the further fact that the steps afforded the only access to plaintiff's residence from below excepting over partially improved streets three squares around (approximately 1,200 feet). There was also testimony showing that the steps were ordinarily lighted at night by an electric light above; that when the plaintiff had gotten half way up the steps on the night in question the light went out, and he was compelled to proceed in darkness; also that he was proceeding carefully, realizing the danger, and had his hand on the banister as a guide when he fell and was injured.

On the conclusion of the testimony for plaintiff the court, on motion, instructed a verdict for defendant, which action is assigned as error.

Starting with the familiar rule that contributory negligence is fatal to recovery (with certain exceptions not applicable here), the further rule has been adduced, namely, that where the proof required to establish plaintiff's injury includes clear proof of all the material facts relating to his

conduct and duty, and those admit of no reasonable inference but that of negligence on his part, then the case presents matter of law for the decision of the court only. *Cleveland, C. & C. Ry.* v. *Crawford,* 24 Ohio St., 631, 634. But in the above case the court also establish the correlative rule as follows, page 638:

"The law in cases of mutual negligence is, that, although there may have been negligence on the part of the plaintiff, yet, unless he might, by the exercise of ordinary care, have avoided the consequences of the defendant's negligence, he is entitled to recover (*Timmons* v. *Railway,* 6 Ohio St., 105). It is no case of mutual contribution to an injury, where the injured party could not, by the exercise of due care, have avoided the consequences of another's carelessness."

The court follows this a little later with the rule of legal presumption above given, and states the antithesis of such rule as follows, page 640:

"But, on the other hand, if the testimony is conflicting, the facts uncertain, or the proper inferences to be drawn from the facts and circumstances doubtful, then it would be error for the court to withdraw the case from the jury, or direct them to return a particular verdict."

In the case of *Schaefler* v. *Sandusky,* 33 Ohio St., 246, the rule is applied in a case of a sidewalk rendered dangerous by ice. The facts were submitted to a jury and the court entered judgment on the special as opposed to a general verdict. The facts found were, (1) that the plaintiff knew the nature and character of the obstruction; (2) voluntarily passed over it; and (3) could have avoided it. The court here stated the law to be that, upon these facts shown, the injured party could not be regarded as exercising ordinary prudence, and, consequently, could not recover because of contributory negligence. To reach this conclusion the court infer from the special findings that plaintiff could "easily" (*sic*) have avoided the obstruction, and held that "under such circumstances it was his duty to avoid the danger."

In *Conneaut (Vil.)* v. *Naef,* 54 Ohio St., 529, in stating the point decided in *Schaefler* v. *Sandusky, supra,* the court say, that the precise question left undetermined is, in substance, whether the rule applies where the source of danger is plainly visible as well as where it is actually known; and held that it does so apply.

The more recent utterance of the Supreme Court, in *Balt. & O. Ry.* v. *McClellan,* 69 Ohio St., 142, is the logical corollary of the cases cited, namely, that where the plaintiff's testimony raises a clear presumption of contributory negligence, and he offers no proof tending to rebut, it is the duty of the court to direct a verdict.

It will be obvious upon the state of the law, as shown in these cases, that the question of contributory negligence is usually one of law and fact, and that it is only in exceptional cases where the facts are so clear and undisputed that the question of law alone remains and the court is justified in overriding the functions of the jury, as indicated in *Balt. & O. Ry.* v. *McClellan, supra.*

In the case at bar there seems to us to be at least one important question of fact to be determined upon the testimony and which is essential under the established rule, namely, the question whether the danger was one which could have been "easily" avoided. The court below seems to have assumed that to go upon a public highway known to be out of repair and dangerous is negligence *per se,* but under the rule of *Schaefler* v. *Sandusky, supra,* this depends upon whether it can be "easily" avoided. The testimony in this case shows that the only alternative was to go around three sides of the square, over streets only partially improved. If the defective passageway could not be easily avoided, then the plaintiff was justified in going over it; and, being apprised of the danger, as is admitted, "he must exercise greater care in passing over them"—the defects—"or by them, than if they did not exist." 1 Shearman & Redfield, Negligence, Section 375.

The proper rule applicable to the case in hand, we think, is that stated in Beach, Contr. Neg., Section 274, as follows:

"When a highway is out of order it is held, as a general

rule, not negligent to use it in as prudent a way as practicable, which is to say that it is not negligence as a matter of law. * * * But when the condition of the highway is such that it is obviously dangerous to go upon it, and it appears that the plaintiff might easily have taken another course and avoided the danger, there can be no recovery in case of injury. To go upon a highway under such circumstances is negligence sufficient to bar an action for damages. Mere knowledge, however, of defect or danger in the highway, on the part of the person injured thereby, is not conclusive evidence of negligence contributing to the injury. As, for instance, where one has proceeded so far in a narrow pass before being warned of danger ahead that he is unable to turn back."

In the present case there was evidence that the steps were illuminated when plaintiff approached them, and the jury could have found that, in view of the long way around as the only alternative, plaintiff was not negligent in entering upon them. If they were further satisfied—from the testimony to that effect—that the light went out when he was half way up, they might justly have concluded that it was a case of Hobson's choice whether to go forward or backward, and that under the circumstances of the case his conduct in going forward was not negligent. These were matters of fact for the determination of the jury, and we think it was error to deprive them of their function in this regard; consequently, the action of the court below must be reversed and a new trial awarded, and it is so ordered.

Judgment reversed and new trial awarded.

*W. C. McLean,* for plaintiff.
*C. J. Hunt,* City Solicitor, for defendant.